# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JODY R. OWENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-1367-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of Dr. Hutchinson's medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.    Background

Plaintiff applied for DIB, alleging disability beginning April 30, 2010. (R. 11, 193). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the ALJ erred in failing

to account for manipulative limitations supported by the record evidence, and in evaluating the medical opinion of his treating physician, Dr. Hutchinson.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

2

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

3

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated

Dr. Hutchinson's medical opinion.  Plaintiff may make his arguments regarding

manipulative limitations to the Commissioner on remand.

## II.   Discussion

Plaintiff argues that "the ALJ failed to provide a good reason to discount Dr.

Hutchinson's opinion."  (Pl. Br. 14).[1]  He argues that this is so because the Tenth Circuit

has held that the "assertion that a family doctor naturally advocates his patient's cause is

not a good reason to reject his opinion as a treating physician."  Id. at 14 (citing Langley

v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004); and quoting McGoffin v. Barnhart,

288 F.3d 1248, 1253 (10th Cir. 2002)).  He argues that such an assertion must have a

legal or evidentiary basis in the record, but that the ALJ here admitted that "it is difficult

to confirm the presence of such motives" in a physician's opinion.  Id. at 14-15.  He also

argues that the ALJ's finding that Dr. Hutchinson treated Plaintiff on an infrequent basis

is not supported by record evidence, and the finding that "Dr. Hutchinson's opinion

departed substantially from the record and is inconsistent with it is without merit."  (Pl.

_____

[1]Plaintiff did not number the pages of his Brief.  Therefore in this decision, the court uses the page numbers supplied by the software it used to download the .pdf file of Plaintiff's Brief from the court's Case Management/Electronic Case Filing (CM/ECF) system.

Br. 16).  He then points to record evidence which in his view supports Dr. Hutchinson's opinion.  Id. at 16-18.

In response, the Commissioner asserts that Plaintiff's "argument is nothing more than a request that the Court [sic] reweigh the evidence."  (Comm'r Br. 6) (citing Pl. Br. 16-18).  She argues that the "ALJ reasonably determined that Dr. Hutchinson's opinion was entitled to little weight," id., and explains how, in her view, the evidence supports the ALJ's evaluation of Dr. Hutchinson's opinion.  Id. at 6-8.

**A.**      **The ALJ's Evaluation of Dr. Hutchinson's Medical Opinion**

The ALJ summarized Dr. Hutchinson's medical opinion, clearly recognizing limitations which, if accepted, would require a finding that Plaintiff is disabled within the meaning of the Act.  (R. 21).  He then explained why he accorded little weight to the opinion:

> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another.  Another reality is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension.  While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.  In this case, Dr. Hutchinson's opinion is considerably more restrictive than the other opinions and is not supported by the evidence of record.  Finally, while the evidence in the file reported that Dr. Hutchinson treated the claimant, it was on a relatively infrequent basis (Exhibit 24F, pages 1-12 and 36F, page 31 [(R. 644-55, 837)]).  Accordingly, little weight is given to the opinion.

(R. 22).

**B.**   **Analysis**

As Plaintiff's Brief suggests, almost thirty years ago, the Tenth Circuit held that the "assertion that a family doctor 'naturally advocates his patient's cause' [is not] good cause to reject [treating source] opinions."  Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987) (quoting "the ALJ's assertion" in that case).  The Frey court noted that the assertion in that case was "a conclusory statement that contradicts our established legal [treating physician] rule, without suggesting some exceptional basis in the facts of this case."  Id. The same is true here.  While it may be correct that "[t]he possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another," that "possibility" contradicts the "treating physician rule" applied by the Commissioner, and long recognized in this circuit.  And, the ALJ points to nothing different in the facts of this case that would support disregarding the rule here.  Moreover, the alleged "reality" relied upon by the ALJ "that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension," is merely a speculative truism of the sort prohibited by the court's holding in McGoffin.  288 F.3d at 1252.

As the ALJ acknowledged, "it is difficult to confirm the presence of such motives."  (R. 22).  And, the court does not recognize Dr. Hutchinson's opinion as such a substantial departure from the rest of the evidence of record in this case as would justify finding that it was provided merely to assist the patient or to avoid tension in the

doctor/patient relationship.  A decision denying Social Security benefits is of such consequence that it may not be supported by such flimsy speculation without a specific basis in the record evidence.  Were it otherwise, such rationale could be used to reject every treating source opinion, and there would be no need or basis for the treating physician rule as presented in the regulations.  20 C.F.R. § 404.1527(c).

Moreover, as Plaintiff suggests, the record evidence will not support the ALJ's finding that Dr. Hutchinson treated Plaintiff "on a relatively infrequent basis."  (R. 22). The ALJ relies upon two exhibits for his finding in this regard, but as Plaintiff cites in his Brief, the record contains at least three other exhibits containing Dr. Hutchinson's treatment records for Plaintiff.  (Exs. 5F (85 pages), 13F (4 pages), and 39F (8 pages); R. 499-583, 618-21, 886-93).

After Plaintiff's arguments are heard, the only legitimate reason given by the ALJ to discount Dr. Hutchinson's opinion is that the opinion is "not supported by the evidence of record."  (R. 22).  While it is true that there is record evidence which is contrary to Dr. Hutchinson's opinion, it is also true that there is evidence tending to support Dr. Hutchinson's opinion.  In a case such as this, where much of the ALJ's rationale for evaluating Dr. Hutchinson's opinion is erroneous as a matter of law, the court will not attempt to determine whether the evidence, on balance, supports the ALJ's determination to accord little weight to Dr. Hutchinson's opinion.  As already noted in this decision, it is not the court's prerogative to re-weigh the evidence, and substitute its judgment for that of the ALJ.  Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172.

7

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be

REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 7th  day of March 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

8