IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JODY R. OWENS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 14-1367-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412) (Doc. 16 and Attach. 1) (hereinafter EAJA Mot./EAJA Mem.). The court finds that the position of the United States was not substantially justified before this court and GRANTS Plaintiff's motion for attorney fees in the amount of $5,118.75 as explained hereinafter.

**I.    Legal Standard**

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA, 28 U.S.C. § 2412(d)(1)(A), requires that a court award a fee to a prevailing plaintiff unless the court finds that the

position of the United States was substantially justified.[1]  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995)[2] (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)).  The Commissioner must show substantial justification for her position. Hackett, 475 F.3d at 1172; Estate of Smith, 930 F.2d at 1501.  The test for substantial justification is one of reasonableness in law and fact.  Id.  "Thus, the government's position must be justified to a degree that could satisfy a reasonable person . . . [and] can be justified even though it is not correct."  Id. (citations and internal quotation marks omitted).  "[T]he reasonableness test breaks down into three parts:  the government must show 'that there is a reasonable basis ... for the facts alleged ... [;] that there exists a reasonable basis in law for the theory it propounds; and that the facts will reasonably support the legal theory advanced.'"  Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988) (quoting United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1487 (10th

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

[2]The court notes that although the Commissioner's EAJA Response agrees with the legal standard stated here, in the body of her brief she cited only three cases which are binding precedent on this court, Pierce v. Underwood, 487 U.S. 522 (1988); Hackett v. Barnhart, 475 F.3d (10th Cir. 2007); and Madron v. Astrue, 646 F.3d 1255 (10th Cir. 2011), and five cases from jurisdictions whose precedents are not binding in the Tenth Circuit.  And, she cited those five cases without explaining why they are persuasive authority here.

Cir. 1984), cert. denied, 469 U.S. 825 (1984)). "The government's 'position can be [substantially] justified, even though it is not correct.'" Hackett, 475 F.3d at 1172 (quoting Underwood, 487 U.S. at 566 n.2) (alteration added).

"'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." Hackett, 475 F.3d at 1174. But the Tenth Circuit has recognized an exception when the government advances a reasonable litigation position that "cure[s] unreasonable agency action." Id. at 1173–74. In the social security context, the court has interpreted that exception to include "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." Groberg v. Astrue, 505 F. App'x 763, 765–66 (10th Cir. 2012).

### B. The Commissioner's Arguments

The Commissioner acknowledges that this case was remanded because the ALJ erroneously evaluated the medical opinion of Plaintiff's treating physician, Dr. Hutchinson. (Doc. 18, p.4) (hereinafter Comm'r EAJA Response) She argues that, although it was determined to be wrong, the ALJ's decision was reasonable in law and fact. Id. She argues "that a reasonable person could have agreed with her arguments [before this court] that the ALJ identified substantial evidence for why [Dr. Hutchinson's] opinion merited little weight." (Comm'r EAJA Response 4). This is so, in the

3

Commissioner's view, because her Social Security Brief pointed to "substantial evidence in favor of the ALJ's evaluation of that opinion, regardless of any other alleged errors in [the ALJ's] evaluation," and because although the court "rejected the ALJ's reasoning and the Commissioner's arguments, it also acknowledged that the ALJ had identified a 'legitimate reason' for discounting [Dr. Hutchinson's] opinion when [the ALJ] noted that [the opinion] was 'not supported by the evidence of record.'" Id. at 5 (quoting this court's opinion, Doc. 14, p.7, which quoted the ALJ's decision, R. 22).

### C.   Analysis

The court remanded this case to the Commissioner because the ALJ erred when he discounted Dr. Hutchinson's medical opinion as "an effort to assist a patient with whom he or she sympathizes for one reason or another" (Doc. 14, p 5), and because ninety-seven pages of Dr. Hutchinson's treatment records were ignored by the ALJ in finding that Dr. Hutchinson treated Plaintiff "on a relatively infrequent basis."  (Doc. 14, p.7) (quoting the ALJ's decision, R. 22, and citing R. 499-583, 618-21, 886-93).  In reaching its decision in this case, the court relied upon the Tenth Circuit's holding almost thirty years ago in Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987), that it is error to discount a physician's opinion because a family doctor naturally advocates his patient's case.  It also noted that the ALJ's assertion here "'that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension,' is merely a speculative truism" which is also prohibited by the court's holding in McGoffin v.

Barnhart, 288 F.3d 1248, 1252-53 (10th Cir. 2002).  This court's decision resulted from Plaintiff's argument that it is error for an ALJ to discount a physician's medical opinion because of alleged allegiance or sympathy toward a patient.  (Doc. 9, p. 15) (citing Langley v. Barnhart, 373 F.3d 116, 1121 (10th Cir. 2004); and McGoffin, 288 F.3d at 1253).

The court's decision regarding fees is dictated by the Tenth Circuit's recent decision in Quintero v. Colvin, ___ F. App'x ___, ___, 2016 WL 737267 (10th Cir. 2016).  In Quintero, the ALJ accorded "little, if any, weight" to a medical opinion because it was prepared at the request of counsel in anticipation of the disability hearing and because the preparing psychologist was not a treating source, but had only examined the plaintiff.  Quintero, 2016 WL 737267 at *1.  Ultimately, the case was remanded because the decision was contrary to the rule in McGoffin, and the plaintiff sought attorney fees pursuant to the EAJA.  Id. at *2.  Citing both McGoffin and Frey, the court noted that a physician's natural advocacy for his patient's cause is merely a conclusory observation and is insufficient as a matter of law to discount a medical opinion.  Id. at *4.  The court noted that the Commissioner did not address McGoffin specifically but argued that its position was substantially justified because "it has maintained a reasonable position throughout the litigation by arguing that the ALJ gave other valid reasons for discounting [the psychologist's] opinions" and therefore his McGoffin error was harmless.  Quintero, 2016 WL 737267 at *4.  The court rejected the Commissioner's harmless error argument because it was raised late in the litigation and was only raised as

an alternative to the initial contention that McGoffin did not apply to a provider who had only examined the patient.  Id.  Moreover, the court concluded that even if the harmless error argument had been timely the Commissioner's refusal to concede McGoffin error was unreasonable.  Id. at 5.

Although Quintero is an unpublished decision and is not binding on this court, it is on all fours with this case, and as such is very persuasive.  The court can find no basis upon which to distinguish it.  To date, in none of her briefs before this court has the Commissioner mentioned Frey, McGoffin, Langley, or any of the long line of Tenth Circuit cases holding that it is error to discount a medical opinion on the basis of a medical provider's natural advocacy for his patients.  And, in the proceedings on her case in chief the Commissioner did not make a harmless error argument, but argued that substantial record evidence supported the ALJ's weighing of Dr. Hutchinson's opinion.  Moreover, even in her response to Plaintiff's motion for EAJA fees the Commissioner did not make a specific harmless error argument but argued that substantial evidence supported "the ALJ's evaluation of that opinion, regardless of any other alleged errors in that evaluation."  (Comm'r EAJA Response 5).  Thereby, she implied without acknowledging that the ALJ committed a McGoffin error.  The Frey and McGoffin line of cases has been precedent, binding on this court and on the Social Security Administration within the Tenth Circuit for almost thirty years.  To ignore that line of cases and to argue that the record evidence supports a contrary conclusion even after a plaintiff has specifically argued McGoffin error is not reasonable as a matter of law.

The Commissioner cannot assert that she was arguing that the McGoffin error was harmless and therefore her position before this court was substantially justified because she did not make that argument.  She did not even imply that argument until her brief regarding EAJA fees, and that is much too late to constitute her position before the court in her case in chief.  Finally, even if the Commissioner was artlessly arguing in her case in chief that the alleged McGoffin error was harmless, that argument would not have been substantially justified in the circumstances of this case.  The ALJ gave three reasons for discounting Dr. Hutchinson's opinion:  a doctor naturally advocates for his patient, Dr. Hutchinson's opinion differed substantially from the record evidenced, and Dr. Hutchinson treated Plaintiff on a relatively infrequent basis.  (R. 22).  The court found that the first reason is not permitted by Tenth Circuit law, and that the third reason cannot be supported by the record evidence because the ALJ ignored ninety-seven pages of Dr. Hutchinson's treatment notes.  (Doc. 14 pp.6-7).  The court noted that leaves only one "legitimate reason given by the ALJ to discount Dr. Hutchinson's opinion"–that the opinion is not supported by the evidence of record.  Id. at 7.  Even that reason was found insufficient by this court.  The court noted that "[w]hile it is true that there is record evidence which is contrary to Dr. Hutchinson's opinion, it is also true that there is evidence tending to support Dr. Hutchinson's opinion."  Id.  Even had the Commissioner argued that the McGoffin error was harmless, the ALJ's decision was without a sufficient rationale to discount Dr. Hutchinson's opinion, and such a decision must be remanded.  And, the Commissioner did not make an argument suggesting this is not the case.

The court understands that the Commissioner's position need not be correct to be substantially justified. But here, as in Quintero, the Commissioner's refusal to concede McGoffin error is unreasonable. It is unreasonable for an ALJ to fail to conform his evaluation to a legal principle which has been controlling in the Tenth Circuit for nearly thirty years, and it unreasonable for the Commissioner not to acknowledge that legal error (or at least acknowledge the argument)[3] when confronted with it in her opponent's Brief.

The Commissioner makes no argument regarding the reasonableness of the amount of attorney fees requested in this case, and the court's independent review of Plaintiff's submissions reveals no self-evident basis to discount the fees requested.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney fees in the amount of $5,118.75 (Docs. 16, 19) is GRANTED.

Dated this 8th day of July 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

---

[3]The court is somewhat disturbed by what seems to be an increasing trend by the Commissioner in arguing to affirm an ALJ's decision without confronting the specific allegations of error made by the plaintiff.